

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1552-07

**DAVID MALDONADO, Appellee**

**v.**

**THE STATE OF TEXAS**

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS NUECES COUNTY

**JOHNSON, J., filed a concurring opinion.**

### O P I N I O N

Because nothing in the Sixth Amendment prevents a represented defendant from voluntarily incriminating himself, I concur in the judgment of the Court. Represented defendants can, and often do, choose to give statements to law enforcement officers despite the advice of an attorney to remain silent. However, the opinion of the Court should not be taken as a license for the state, in whatever guise, to willfully remain ignorant of whether a defendant has counsel. The better practice would be for the law enforcement officer who desires to interview a suspect who is in custody to make at least a minimal inquiry as to whether the jailed suspect is represented by counsel. This could be

accomplished by contacting the agency that tracks court appointments to see if the suspect has court-appointed counsel and checking jail records for information on retained representation.

Filed: June 4, 2008
Publish